UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| LARRY RAILE, | |
| Plaintiff, | Civil Action No. 5:12-cv-5011-JLV |
| vs. | ANSWER OF DEFENDANT LVNV FUNDING, LLC |
| RICHARD J. BOUDREAU & ASSOCIATES and LVNV FUNDING, LLC, | |
| Defendants. | |

Defendant LVNV Funding, LLC ("LVNV") as and for its Answer to the Complaint of Larry Raile ("Plaintiff"), in the above-entitled matter, denies each and every allegation contained therein, unless otherwise admitted or qualified herein, and states and alleges as follows:

1. In response to paragraph 1 of Plaintiff's Complaint, LVNV admits that Plaintiff has brought this matter alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* but denies that it has violated any law.

2. In response to paragraph 2 of Plaintiff's Complaint, LVNV admits that the statutes referenced confer jurisdiction upon this Honorable Court but denies that it violated any law to subject it to such jurisdiction.

3. LVNV has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 3 of Plaintiff's Complaint.

4. LVNV admits the allegations set forth in paragraph 4 of Plaintiff's Complaint, upon information and belief.

5. In response to paragraph 5 of Plaintiff's Complaint, LVNV states that as it does not have information related to Plaintiff's use of the account, it has insufficient information and

1

knowledge to either admit or deny that the FDCPA applies and that Plaintiff is a "consumer" under the FDCPA.

6. LVNV has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 6 of Plaintiff's Complaint.

7. LVNV has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 7 of Plaintiff's Complaint.

8. In response to paragraph 8 of Plaintiff's Complaint, LVNV admits that it acquires debt but denies all remaining allegations.

9. LVNV denies the allegations set forth in paragraph 9 of Plaintiff's Complaint.

10. LVNV denies the allegations set forth in paragraph 10 of Plaintiff's Complaint.

11. LVNV admits the allegations set forth in paragraph 11 of Plaintiff's Complaint.

12. LVNV has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 12 of Plaintiff's Complaint.

13. LVNV admits the allegations set forth in paragraph 13 of Plaintiff's Complaint.

14. LVNV has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 14 of Plaintiff's Complaint.

15. LVNV admits the allegations set forth in paragraph 15 of Plaintiff's Complaint.

16. LVNV admits the allegations set forth in paragraph 16 of Plaintiff's Complaint.

17. LVNV has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 17 of Plaintiff's Complaint.

18. LVNV has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 18 of Plaintiff's Complaint.

19. LVNV has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 19 of Plaintiff's Complaint.

20. LVNV has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 20 of Plaintiff's Complaint.

21. LVNV has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 21 of Plaintiff's Complaint.

22. LVNV has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 22 of Plaintiff's Complaint.

23. LVNV has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 23 of Plaintiff's Complaint.

24. LVNV denies the allegations set forth in paragraph 24 of Plaintiff's Complaint.

25. LVNV admits the allegations set forth in paragraph 25 of Plaintiff's Complaint.

26. LVNV has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 26 of Plaintiff's Complaint.

27. LVNV has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 27 of Plaintiff's Complaint.

28. In response to paragraph 28 of Plaintiff's Complaint, LVNV denies all allegations against it. To all other extents, LVNV has insufficient information and knowledge to either admit or deny the allegations set forth in said paragraph.

29. LVNV adopts by reference paragraph 1 through 28 of this Answer as though full set forth herein.

30. LVNV denies the allegations set forth in paragraph 30 of Plaintiff's Complaint.

31. LVNV denies the allegations set forth in paragraph 31 of Plaintiff's Complaint.

32. LVNV adopts by reference paragraph 1 through 31 of this Answer as though full set forth herein.

33. LVNV denies the allegations set forth in paragraph 33 of Plaintiff's Complaint.

34. LVNV denies the allegations set forth in paragraph 34 of Plaintiff's Complaint.

35. LVNV denies the allegations set forth in paragraph 35 of Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

Any violation of the law or damage suffered by Plaintiff, which LVNV denies, was due to the affirmative actions and/or omissions of Plaintiff or others, and does not give rise to any liability of LVNV.

### THIRD DEFENSE

Plaintiff has suffered no damages as a result of any acts or omissions of LVNV.

### FOURTH DEFENSE

Any violation of the law or damage suffered by Plaintiff, which LVNV denies, was due to the affirmative actions and/or omissions of Plaintiff or others, and does not give rise to any claim of damages against LVNV.

**WHEREFORE**, LVNV prays for an order and judgment of this Court in its favor against Plaintiff as follows:

1. Dismissing all causes of action against LVNV with prejudice and on the merits; and,

2. Awarding LVNV such other and further relief as the Court deems just and equitable.

Respectfully submitted this 13th day of April, 2012.

GUNDERSON, PALMER, NELSON<br>
& ASHMORE, LLP<br>
<br>
/s/ Jason M. Smiley<br>
Jennifer Trucano<br>
Jason M. Smiley<br>
PO Box 8045<br>
506 Sixth Street<br>
Rapid City, SD 57709-8045<br>
(605)342-1078<br>
jsmiley@gpnalaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of April, 2012, I sent, via electronic filing, a true and correct copy of **Answer of Defendant LVNV Funding, LLC** to:

JD Haas
Weisberg & Meyers, LLC
5025 N. Central Avenue, # 602
Phoenix, AZ 85012

GUNDERSON, PALMER, NELSON<br>
& ASHMORE, LLP<br>
<br>
By: /s/ Jason M. Smiley<br>
Jason M. Smiley